# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. Christopher James Nickalaskey*
Case No. 3:17-cr-00179-TMB-DMS-1

By:     THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Christopher Nickalaskey's Appeal from Magistrate Judge's Denial of Proposed Release ("Appeal").[1] Nickalaskey proposes that he be permitted to reside in transitional housing and secured by electronic monitoring pending trial.[2] On May 8, 2020, the assigned Magistrate Judge denied Nickalaskey's bail request.[3] The Government opposes both the release plan and this Appeal.[4] For the reasons discussed below, Nickalaskey's Appeal is **DENIED** and the Magistrate Judge's decision is **AFFIRMED**.

Nickalaskey is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[5] He was initially ordered detained on December 26, 2017, due to risk of flight and danger to the community based on his prior criminal history, participation in criminal activity while on probation, parole, or supervision, history of violence or use of weapons, and prior violations of probation, parole, or supervised release.[6] Nickalaskey has moved for his release to a transitional living facility on two other occasions; both motions were denied.[7]

The Court reviews *de novo* a Magistrate Judge's detention order under 18 U.S.C. § 3145(c).[8] Title 18 U.S.C. § 3142(f) provides that the judicial officer must hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of any other person and the community.[9] To make its finding, the Court considers the factors listed in § 3142(g), including: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." In order to justify pretrial detention, the Government

---

[1] Dkt. 225 (Appeal).

[2] *Id.* at 1–2.

[3] Dkt. 222 (Minute Entry).

[4] Dkt. 227 (Opposition).

[5] Dkt. 132 (Superseding Indictment).

[6] Dkts. 8 (Minute Entry); 15 (Detention Order).

[7] Dkts. 72 (Minute Entry); 206 (Minute Entry). In the past, Nickalaskey sought and was granted two temporary releases to attend mental health appointments. *See* Dkts. 92 (Order); 96 (Order); *but see* Dkts. 100 (Order); 108 (Minute Entry).

[8] *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).

[9] 18 U.S.C. § 3142(f)(1).

1

must show by a preponderance of the evidence that the defendant poses a flight risk or must show by clear and convincing evidence that the defendant poses a danger to the community.[10] "Any doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant."[11]

The Court applies the § 3142(g) factors to this case and finds that the Government has met its burden to show that Nickalaskey is both a risk of flight and danger to the community. Nickalaskey is charged with illegal firearm possession, a serious offense that carries the potential for a lengthy term of incarceration.[12] Furthermore, in addition to his criminal history and violations of his prior terms of probation, parole, or supervision, Nickalaskey has had several disciplinary incidents while in his current detention facility.[13] His conduct demonstrates an unwillingness to comply with court orders, conditions of release, and the rules of his detention facility. The Court shares Nickalaskey's concern for a proper medication regimen.[14] However, Nickalaskey has failed to provide any evidence or persuasive argument to assuage the Court's even greater concern for his history of noncompliance. Therefore, the Court finds that Nickalaskey poses a sufficient risk of flight and danger to the community to justify continued detention.

Accordingly, the Appeal at Docket 225 is **DENIED** and the Magistrate Judge's decision is **AFFIRMED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 17, 2020.

---

[10] 18 U.S.C. § 3142(f)(2); *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).
[11] *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019) (internal citations omitted).
[12] Dkt. 132.
[13] Dkt. 228-2 (Exhibit).
[14] Dkt. 225 at 3–4.